## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | * | **CIVIL ACTION NO.: 16-1849** |
| **FOR THE USE OF SKYLINE** | * | |
| **STEEL, LLC** | * | |
| *Plaintiff* | * | |
| | * | |
| **VERSUS** | * | |
| | * | |
| **TARGET CONSTRUCTION, INC.** | * | |
| **AND LIBERTY MUTUAL** | * | |
| **INSURANCE COMPANY** | * | |
| *Defendants* | * | |
| | * | |

## COMPLAINT

**NOW INTO COURT** though undersigned counsel, comes Plaintiff, Skyline Steel, LLC ("Skyline"), which brings this action in its own name, and according to 40 U.S.C. §3133(b)(3), in the name of the United States of America for its use, and for its Complaint against Defendants, Target Construction, Inc. and Liberty Mutual Insurance Company, and respectfully avers as follows:

## PARTIES

1.

Skyline is a Delaware limited liability company with its principal place of business in Parsippany, New Jersey and authorized to and doing business in the State of Louisiana.

2.

Made Defendant herein is Target Construction, Inc. ("Target"), a Nevada corporation, with its principal place of business in Las Vegas, Nevada and authorized to and doing business in the State of Louisiana. Target may be served with process through

1

its registered agent for service of process in Louisiana, Gene Moran at 809 Epsilon St., Belle Chasse, Louisiana, 70037.

3.

Made Defendant herein is Liberty Mutual Insurance Company ("Liberty"), a foreign insurer organized under the laws of Massachusetts with its principal place of business in Boston, Massachusetts. Liberty is licensed to write insurance in the State of Louisiana and may be served with process through the Louisiana Secretary of State at 8585 Archives Avenue, Baton Rouge, Louisiana 70809.

**JURISDICTION AND VENUE**

4.

This is an action on a payment bond executed under 40 U.S.C. §3131, *et seq*. (the "Miller Act"). Accordingly, this Court has original jurisdiction under 28 U.S.C. §3152. Additionally, this Court has supplemental jurisdiction over Skyline's state law claims pursuant to 28 U.S.C. §1367(a) to the extent that the claims arise out of the same case or controversy that is the subject of Skyline's federal claims.

5.

Venue is proper in this judicial district according to 40 U.S.C. §3131(b)(3) because the work performed under the contracts at issue in this matter occurred within this judicial district. Further, venue is proper in this Court according to 28 U.S.C. §1319(b) because a substantial part of the events or omissions giving rise to Skyline's claims occurred in this judicial district.

## **FACTS**

6.

Target contracted as a prime contractor with the United States Army Corps of Engineers ("USACE") on USACE Hurricane Protection System, WP912P8-13-C-0024 West Bank Non-Federal Levee; NOV NF 04A, Oakville to La Reussite, Plaquemines Parish (the "Project").

7.

On or about September 30, 2013, Liberty issued a Miller Act payment bond numbered 190030199 in connection with the Project on behalf of Target as principal on the bond. A copy of the bond is attached hereto as Exhibit "A."

8.

According to LSA-R.S. 9:2780.1(D), the laws of the State of Louisiana shall apply to and govern any construction contract to be performed in this State.

9.

Target entered into a contract to purchase from Skyline steel and fabricated steel items commemorated by a purchase order (the "Purchase Order Agreement"), prepared and issued by Target to Skyline in connection with Target's work on the Project in exchange for payment of $2,792,089.97. A true and correct copy of the Purchase Order Agreement and pertinent correspondence is attached hereto as Exhibit "B."

10.

According to the Purchase Order Agreement between Target and Skyline, the $2,792,089.97 purchase price included $614,958.30 for Sheet Piling Type PZ-22, $1,766,606.49 for H-Pile, $190,525.18 in taxes, and $220,000.00 for transportation costs. See Exhibit B.

11.

All of the materials purchased for the Project by Target from Skyline according to the Purchase Order Agreement were actually delivered to the jobsite for the Project and furnished in the prosecution of the work for which this claim is made.

12.

Skyline last furnished materials to Target in connection with the Project on March 6, 2015. The amounts due and owing to Skyline remain unpaid by Target despite multiple demands.

13.

Liberty is obligated under 40 U.S.C. §3133, and under the bond to pay Skyline for the materials it furnished in the prosecution of the work for which Target has failed to make payment. On March 20, 2015, Skyline made formal demand from Liberty for payment of the amounts outstanding and owed by Target for the Project, a copy of which is attached hereto as Exhibit "C." Subsequently, Skyline executed and provided to Liberty a proof of claim, attached hereto as Exhibit "D."

14.

Target's failure to pay constitutes a breach of its contract with Skyline.

**COUNT 1: MILLER ACT CLAIM AGAINST TARGET AND LIBERTY**

15.

Skyline restates and re-alleges paragraphs 1 through 14 of its Complaint.

16.

Under the Miller Act, Skyline is entitled to an action and judgment against Target and Liberty for $198,643.25, plus interest, representing the amount due and owing to Skyline by Target in connection with the Project.

17.

Under §3133(b)(4) of the Miller Act, this action is filed timely within one year from the date which Skyline last supplied the materials to Target in connection with the Project and the Purchase Order Agreement.

**COUNT 2: BREACH OF CONTRACT AGAINST TARGET**

18.

Skyline restates and re-alleges Paragraphs 1 through 17 of its complaint.

19.

Target's refusal to pay Skyline the amount due and owing on the Project constitutes a breach of contract and renders Target liable for damages under La. C.C. art. 1994.

20.

According to the Purchase Order Agreement, Skyline is entitled to reasonable attorney's fees.

**COUNT 3: VIOLATION OF LSA-R.S. 9:2784 AGAINST TARGET**

21.

Skyline restates and re-alleges Paragraphs 1 through 20 of its complaint.

22.

Further, under LSA-R.S. 9:2784, Target is obligated to pay Skyline within fourteen (14) days of receipt of payment from the USACE. Upon information and belief, Target has unjustifiably withheld payments from Skyline and failed to pay Skyline for its provision of

materials, despite Target's receipt of payment from the USACE. Under LSA-R.S. 9:2784, Skyline is entitled to recover penalties and its attorney's fees from Target.

## PRAYER FOR RELIEF

WHEREFORE, the Plaintiff, the United States of America for the Use of Skyline Steel, LLC prays that its Complaint be deemed good and sufficient, and after due proceedings therein, there be judgment in its favor and against the Defendants, Target Construction, Inc. and Liberty Mutual Insurance Company, for $198,643.25, plus interest, penalties and attorney's fees, and for such other further legal and equitable relief as this Court deems appropriate.

DATE: March 4, 2016.

Respectfully submitted:

**FAVRET, DEMAREST, RUSSO, LUTKEWITTE & SCHAUMBURG**
A Professional Law Corporation

*/s/ Conor T. Lutkewitte*
**THOMAS J. LUTKEWITTE, No. 09196**
**CONOR T. LUTKEWITTE, No. 34653**
1515 Poydras Street, Suite 1400
New Orleans, LA 70112
Telephone No.: (504) 561-1006
Facsimile No.: (504) 523-0699
Email: tlutkewitte@favretlaw.com
Email: clutkewitte@favretlaw.com
Attorneys for Skyline Steel, LLC